Louis M. Diesel (003595)
Jason J. Bliss (018246)
**ASPEY WATKINS & DIESEL, PLLC**
123 N. San Francisco Street, 3rd Floor
Flagstaff, Arizona 86001
Telephone: (928) 774-1478
Email: LDiesel@awdlaw.com
JBliss@awdlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| BRITTA ANDERSON, surviving wife of decedent AARON W. ANDERSON, on her own behalf and on behalf of all statutory wrongful death beneficiaries, including DIANE and WAYNE ANDERSON, surviving parents of AARON W. ANDERSON,<br><br>                    Plaintiff,<br>        vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Britta Anderson, surviving spouse of decedent Aaron Anderson, on her own behalf and on behalf of all statutory wrongful death beneficiaries, for her claims against Defendant United States of America, alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is a claim for negligence and wrongful death pursuant to the Federal Tort Claims Act, United States Code ("U.S.C.") sections 28 U.S.C. §§ 2671 et. seq.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

2.    This is a civil action arising under the laws of the United States, and is also a civil action against the United States for money damages for death caused by the negligent or wrongful act or omission of United States government employees acting within the scope of their employment.  This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

3.    Plaintiff is a resident of the District of Arizona.  Also, the acts or omissions complained of in this civil action occurred within the District of Arizona.  Venue in the District of Arizona is appropriate pursuant to 28 U.S.C. § 1402(b).

## II.    PARTIES

4.    Plaintiff Britta Anderson is the surviving spouse of decedent Aaron W. Anderson.  Pursuant to Arizona Revised States (A.R.S.) § 12-612(A), Plaintiff brings this suit on her own behalf and on behalf of all statutory wrongful death beneficiaries, including Aaron W. Anderson's surviving parents Diane and Wayne Anderson.

5.    The United States Department of Agriculture, U.S. Forest Service (hereinafter "USFS"), is a "federal agency" and employees of the USFS are "employees of the government" within the meaning of 28 U.S.C. §§ 1346(b) and 2671.

## III.    FACTUAL ALLEGATIONS

6.    This civil action arises out of the negligent acts and omissions of USFS employees as they were conducting a prescribed burn near the City of Williams, Arizona and near Mile Post 172 on Interstate 40.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

7. On or about October 18, 2016, the Williams Ranger District of the USFS reports that it ignited over 2,000 acres as part of a prescribed burn project it called the Greenbase Prescribed Fire Project (hereinafter "the Prescribed Burn").

8. Prescribed burn projects such as the subject Prescribed Burn require creation, review and approval of a prescribed fire plan, and such plans govern all aspects of USFS operations as it concerns the prescribed burn.

9. Prescribed burn projects such as the subject Prescribed Burn require careful coordination among the USFS and multiple state, county and/or local agencies, including state, county and/or local agencies responsible for ensuring roadway safety.

10. Among other issues, prescribed fire plans for prescribed burn projects such as the subject must address the manner in which a host of risk mitigation and smoke management concerns will be addressed during the course of the project.

11. Among other issues, prescribed fire plans for prescribed burn projects such as the subject must address interagency coordination issues, including communication protocols for prescribed burn project information that impacts, among other things, roadway safety.

12. Firefighter and public safety is always the "number one objective" for the USFS in conducting prescribed burn programs.

13. Prescribed fire plans must assign a complexity rating to each prescribed burn plan element utilizing a "low", "moderate," or "high" complexity rating, with a resulting overall complexity rating for the project as a whole.

14.    The USFS, through regional forest supervisors, periodically issues a "Delegation of Authority" in which it details USFS line officer authorities for various wildfire decisions for an upcoming fire season.

15.    Kaibab National Forest ("KNF") Forest Supervisor Heather Provencio issued a June 1, 2016 Wildland Fire Management Delegation of Authority in which she listed Williams Ranger District Ranger Danelle Harrison as authorized to make decisions on prescribed burn projects of "moderate" complexity only.

16.    Williams District Ranger Danelle Harrison approved the Greenbase Prescribed Fire Plan for the subject Prescribed Burn on or about September 16, 2016 (hereinafter "Prescribed Fire Plan").

17.    The Prescribed Fire Plan acknowledges the likelihood of smoke impacts on Interstate 40 near the Prescribed Burn area, and that the likelihood of such impacts will necessitate certain limitations on fire ignitions.

18.    The Prescribed Fire Plan notes that smoke from the Prescribe Burn may settle in "public used" areas overnight.

19.    The Prescribed Fire Plan notes that some "areas of high public use" around the Prescribed Burn "could lead to more serious accidents/injuries to the firefighters or the public."

20.    The Prescribed Fire Plan required USFS personnel to consider wind direction and ventilation rates prior to fire ignition.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

21.     In the Prescribed Fire Plan, the USFS assigned the subject Prescribed Burn a "Summary Complexity Rating" of "Moderate."

22.     The Prescribed Fire Plan required that on-site weather observations be taken and transmitted hourly to burn personnel while ignitions are taking place.

23.     The Prescribed Fire Plan also required the Burn Boss to request a Spot Weather Forecast prior to ignition each day of burning.

24.     The Prescribed Fire Plan required the Burn Boss to examine probable daytime and nighttime smoke behavior and to select burn days most conducive to minimizing impacts.

25.     The Prescribed Fire Plan required the Burn Boss to ensure appropriate signing of roads according to expected smoke behavior prior to ignition.

26.     The Prescribed Fire Plan required the Burn Boss to implement the smoke management practices contained within Arizona Administrative Code ("A.A.C.") R18-2-1510 if possible.  The management practices cited in the Prescribed Fire Plan include the admonition that the "[b]urn does not occur  if forecasted weather indicates poor or marginal ventilation" and that "[o]perations are suspended under poor smoke dispersion conditions."

27.     The Prescribed Fire Plan required the Burn Boss to ensure that forecasted winds and temperatures are within prescription parameters, and that the extended (3-5 day) forecast does not indicate weather conducive to holding problems.

28.     The Prescribed Fire Plan required the Burn Boss to assign an individual to monitor and record weather observations before, during and after ignitions.

- 5 -

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

29.     A spot weather forecast issued by the National Weather Service for the day of October 18, the night of October 18, and the early morning hours of October 19, 2016 predicted a significant wind reversal beginning at midnight on October 19, 2016 (with winds from the southwest shifting to the northeast).

30.     The same spot weather forecast also predicted a minimum temperature of 33 degrees Fahrenheit for the night of October 18/early morning hours of October 19, and maximum relative humidity of 80%.

31.     Upon information and belief, on the morning of October 18, 2016, the USFS communicated to State agencies the likelihood that these forecast weather conditions would result in increased smoke impacts on Interstate 40, including the area around Mile Post 172.

32.     The USFS did not, however, suspend ignition operations or call off the planned October 18 ignition, nor did the USFS, upon information and belief, ensure an individual was assigned to monitor and record weather observations before, during and after ignitions, nor did the Burn Boss ensure, upon information and belief, that the USFS monitored smoke impacts prior to, during and after ignition.

33.     The USFS also did not ensure appropriate signing of Interstate 40 to properly warn motorists of the anticipated increased smoke impacts from the Prescribed Burn.

34.     Instead, the USFS simply proceeded with ignition of 2,333 acres of the Duck Lake Unit of the subject Prescribed Burn and, when the ignition activities were completed for the day, made no arrangements for ongoing post-burn monitoring of the weather or smoke conditions.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

35.     Upon information and belief, the USFS failed to implement a written agreement with the Arizona Department of Transportation ("ADOT"), the Arizona Department of Environmental Quality ("ADEQ"), and/or the Arizona Department of Public Safety ("DPS") delineating roles and responsibilities for smoke and weather monitoring and for implementation of signing and other traffic control measures to address hazardous conditions presented by the Prescribed Burn smoke.

36.     At or before 3:30 a.m. on October 19, 2016, multiple witnesses described extremely heavy smoke and low visibility on Interstate 40 near Mile Post 172 and the surrounding area.

37.     On October 17, 2016, Byron Peterson, a resident of Parks Arizona and a career meteorological technician with 34 years of service with the National Weather Service, noted and became extremely concerned about thick smoke from the Prescribed Burn.

38.     On October 17, 2016, Mr. Peterson called the Kaibab National Forest Service headquarters in an attempt to reach KNF Supervisor Heather Provencio to complain about the smoke.  Mr. Peterson was forced to leave a message and did not receive a call back.

39.     On October 18, 2016, when the thick smoke from the Prescribed Burn continued, and when while driving Mr. Peterson encountered smoke conditions he described as "zero visibility," Mr. Peterson attempted calls to the Kaibab National Forest (both the Forest Supervisor and Fire Manager), the Coconino County Health Department, the Arizona Department of Environmental Quality, the USFS regional office in Albuquerque, New Mexico, and the Arizona Daily Sun newspaper. Mr. Peterson reports he was unable to

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

1    actually talk to anyone and that no one from any of these agencies or publications returned

2    his calls.

3    40.    At about 3:30 a.m. on October 19, 2016, Jasbir Singh was operating his 2017

4    Freightliner Tractor Trailer on Eastbound Interstate 40 near milepost 171 when the smoke

5    from the prescribed burn became so heavy he could not see in front of his vehicle.

6    41.    At or about the same time, decedent Aaron W. Anderson was operating a 2007

7    Dodge Van also Eastbound on Interstate 40 near mileposts 171-172 in front of Mr. Singh's

8    vehicle.

9    42.    Mr. Singh collided with the rear of the 2007 Dodge Van driven by Aaron

10   Anderson (the "Collision"), smashing it into another tractor trailer and crushing the van.

11   43.    Aaron Anderson died as a result of the Collision.

12   44.    From information provided by Mr. Singh to investigating law enforcement, it

13   appears the smoke was so heavy that Mr. Singh never saw Aaron Anderson's van.  Mr. Singh

14   instead says that he only saw the brake lights of the tractor trailer in front of Aaron Anderson

15   into which Aaron Anderson's van would be pushed and crushed. Mr. Singh at the scene in

16   fact first believed he had collided directly with that tractor trailer, and not with Aaron

17   Anderson's van.

18   45.    On or about October 5, 2017, and pursuant to 28 U.S.C. § 2675, Plaintiff

19   presented her claim to the United States Forest Service alleging that the negligent and/or

20   wrongful acts and omissions of employees of the USFS, among other tortfeasors, contributed

21   to causing Aaron Anderson's death, and authorizing settlement for a total sum of seven

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ʳᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

1 │ million dollars (five million to Britta Anderson, one million to each of Aaron Anderson's

2 │ parents).

3 │     46.    The USFS did not make final disposition of the claim within six months after

4 │ Plaintiff's submission, and pursuant to 28 U.S.C. § 2675 Plaintiff therefore deems the USFS's

5 │ inaction as a denial of the claim.

6 │ **Cause of Action One:**

7 │ **Negligence**

8 │     47.    Plaintiff incorporates all previous allegations as if the same were fully set forth

9 │ at this point.

10 │     48.    Pursuant to 28 U.S.C. § 1346(b), the United States shall be liable for money

11 │ damages for death caused by the negligent or wrongful act or omission of any employee of

12 │ the United States while acting within the scope of his office or employment, under

13 │ circumstances where the United States, if a private person, would be liable to the claimant in

14 │ accordance with the law of the place where the act or omission occurred.

15 │     49.    The Collision and the Prescribed Burn occurred in Arizona, and therefore

16 │ Arizona law governs the United States' liability to Plaintiff and the other wrongful death

17 │ beneficiaries on whose behalf Plaintiff brings claims.

18 │     50.    Pursuant to 28 U.S.C. § 2674 the United States shall be liable in the same

19 │ manner and to the same extent as a private individual under like circumstances for the

20 │ negligent and/or wrongful acts and omissions of its employees.

21 │     51.    The USFS, among other things and as discovery may reveal, had a duty to

assign a complexity rating to the Prescribed Burn consistent with USFS criteria, guidelines and standards, and to obtain approval of the Prescribed Burn plan from a USFS representative with authority to approve a prescribed burns of that complexity rating.

52.     The USFS, among other things and as discovery may reveal, and in coordination with involved State and local agencies, had a duty to adhere to all of the requirements of the Prescribed Fire Plan, to conduct smoke and roadway visibility monitoring, to suspend ignition operations or call off the planned October 18 ignition if weather conditions warranted, to ensure an individual was assigned to monitor and record weather observations before, during and after ignitions, to ensure that the USFS monitored smoke impacts prior to, during and after ignition, to ensure appropriate signing of Interstate 40 to properly warn motorists of the anticipated increased smoke impacts from the Prescribed Burn, and to otherwise fulfill its "number one objective" of ensuring "firefighter and public safety."

53.     As described above, the USFS breached these duties and failed to ensure the safety of the public by improperly assigning the Prescribed Burn a "moderate" complexity rating when it should have assigned the burn a "high" complexity rating, by allowing a District Ranger authorized only to approved burns of "moderate" complexity to approve the subject Prescribed Burn which should have been rated of "high" complexity, by igniting 2,333 acres of the Duck Lake Unit of the subject Prescribed Burn under unfavorable weather conditions, by failing to suspend those ignition operations, by making no arrangements for ongoing post-burn monitoring of the weather or smoke conditions, and by failing to ensure

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

for appropriate signing or other traffic control measures to warn the public of the likelihood and danger of increased smoke concentrations, and by other acts and omissions are may be identified through discovery.

54.    In addition, in igniting the Prescribed Burn, USFS employees had a duty to properly manage and control the Prescribed Burn in a manner consistent with Arizona law, including Arizona's criminal code.

55.    Upon information and belief, in managing and controlling the Prescribed Burn, USFS employees breached their duty to comply with Arizona law by, among other things, recklessly causing a fire which resulted in damage to a wildland area and which created an unsafe condition on a major transportation corridor.

56.    Upon information and belief, all USFS employees were acting within the scope of their office or employment in conducting all activities arising out of or related to the Prescribed Burn.

57.    Among other tortfeasors including the driver Jasbir Singh and including employees of State agencies involved in the Prescribed Burn or State employees charged with ensuring the safety of the roadway during the Prescribed Burn, the negligence of employees of the USFS contributed to causing Aaron Anderson's tragic death, and his surviving spouse and other statutory beneficiaries have suffered resulting damages in an amount to be proven at trial.

/ / /

/ / /

1

2

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3rd Floor
Flagstaff, AZ 86001
(928) 774-1478

**Cause of Action Two:**

**Negligence Per Se**

58.     Plaintiff incorporates all previous allegations as if the same were fully set forth
at this point.

59.     Discovery may reveal and/or the evidence may show that the USFS violated
various federal and/or state statutes, regulations, policies or other standards in connection
with the Prescribed Burn activities described above.

60.     Discovery may reveal and/or the evidence may show that these statutes,
regulations, policies, or other standards are standards enacted for the protection and safety of
the public.

61.     Plaintiff and the other wrongful death beneficiaries upon whose behalf Plaintiff
brings claims fall within the class of persons these statutes, regulations, policies or other
standards are intended to protect.

62.     Discovery may reveal and/or the evidence may show that these statutes,
regulations, policies or other standards are intended to protect members of the public from
the harm associated with the hazards to the traveling public created by heavy smoke and low
visibility from a Prescribed Burn.

63.     Among other tortfeasors, USFS employees' violation of these statutes,
regulations, policies or other standards, as the evidence may reveal, contributed to the cause
of Aaron Anderson's tragic death, and Plaintiff and the other wrongful death beneficiaries
have suffered injuries and damages as will be proven at trial.

ASPEY, WATKINS & DIESEL, PLLC
123 N. San Francisco St., 3ᵈ Floor
Flagstaff, AZ 86001
(928) 774-1478

64.     This Court should adopt as the standard of care of a reasonable man the requirements of these statutes, regulations, written procedures, protocols, or other standards, and any violations thereof should constitute negligence per se.

WHEREFORE, Plaintiff prays for judgment on behalf of all wrongful death beneficiaries and against the United States as follows:

A.  For the loss of love, affection, companionship, care, protection, and guidance since the death and in the future;

B.  For the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future;

C.  The income and services that have already been lost as a result of the death, and that are reasonably probable to be lost in the future;

D.  For punitive and/or exemplary damages as permitted by law and as warranted by the evidence;

E.  For Plaintiff's costs incurred herein and accruing; and

F.  For such further relief as the Court deems proper.

DATED this 5th day of October, 2018

**ASPEY, WATKINS & DIESEL, PLLC**


/s/ Jason Bliss
Louis M. Diesel
Jason J. Bliss
*Attorneys for Plaintiff*